**Revised March 8, 2000**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-60129

_____

FILBERTO RUIZ-ROMERO,

                                                    Petitioner,

versus

JANET RENO,
U.S. Attorney General,

                                                    Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

March 3, 2000

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

Ruiz-Romero appeals from a judgment of the Board of Immigration Appeals ("BIA") ordering that he be deported. We hold that Ruiz-Romero has committed an "aggravated felony" as that term is defined in Section 101(a)(43)(N) of the Immigration and Nationality Act ("INA");[1] we are compelled, therefore, to dismiss the appeal for want of jurisdiction.

**I.**

**FACTS & PROCEEDINGS**

Ruiz-Romero entered the United Stated without inspection in

_____

[1] 8 U.S.C. § 1101(a)(43)(N). Unless otherwise indicated, all citations to the current version of the INA.

1984.  In 1987, he was granted temporary resident status through the legalization program, and in 1990 he adjusted his status to that of lawful permanent resident.  In November 1995, Ruiz-Romero was arrested for transporting eight Mexican aliens from one point in New Mexico to another in violation of INA § 274(a)(1)(A)(ii).  That section provides:

> [Any person who——] knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law [shall be punished as provided in subparagraph (B).][2]

In December 1996, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against Ruiz-Romero. The INS charged that Ruiz-Romero had been convicted of an aggravated felony and was therefore deportable pursuant to INA § 237(a)(2)(A)(iii),[3] which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  Ruiz-Romero moved to terminate the deportation proceedings on the ground that he had not committed an "aggravated felony" as that phrase is defined by INA § 101(a)(43).

The immigration judge ("IJ") denied the motion and ordered

---

[2]8 U.S.C. § 1324(a)(1)(A)(ii).

[3]At the time deportation proceedings were commenced against Ruiz-Romero, this provision was codified at INA § 241(a)(2)(A)(iii).  It was subsequently recodified by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, as INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

that Ruiz-Romero be deported.  Ruiz-Romero appealed and the BIA upheld the IJ's order.[4]  Ruiz-Romero timely appealed the BIA's decision.

## II.

## DISCUSSION

### A.   Standard of Review

Generally, in immigration cases we review only the decision of the BIA, not that of the IJ.[5]  "BIA conclusions of law are reviewed <u>de novo</u> (although with the usual deference to the Board's interpretation of ambiguous provisions on the Act in accordance with <u>Chevron U.S.A. Inc. v. Natural Resources Defense Council</u>, 476 U.S. 837 (1984))."[6]

### B.   Jurisdiction

The pivotal question in this appeal is whether the parenthetical phrase "(relating to alien smuggling)" found in the definition of "aggravated felony" in INA § 101(a)(43)(N),[7] describes or restricts the statutory references that directly precede it.  That section provides in full:

> [The term "aggravated felony" means—] an offense described in paragraph (1)(A) or (2) of [INA] section

---

[4] See <u>Matter of Ruiz-Romero</u>, 22 I. & N. __, 19 Immigr. Rep. B1-351 (Interim Decision No. 3376, BIA 1999).

[5] See <u>Carbajal-Gonzalez v. INS</u>, 78 F.3d 194, 197 (5th Cir. 1996).

[6] <u>Id.</u>

[7] 8 U.S.C. § 1101(a)(43)(N).

274(a) [8 U.S.C. § 1324(a)] (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this act[.]

Ruiz-Romero argues that the parenthetical phrase is restrictive. He urges that only those offenses that are both cross referenced by INA § 101(a)(43)(N) <u>and</u> that "relat[e] to alien smuggling" fit the definition of aggravated felony. Ruiz-Romero concedes that he has been convicted of a crime that is cross referenced by INA § 101(a)(43)(N); he argues, however, that because he transported aliens from one point to another within the United States without crossing a national border, he did not "smuggle" aliens.[8] Ruiz-Romero concludes that because the government has not proved that he was convicted of a crime relating to alien smuggling, he is not an aggravated felon and is therefore not deportable.

The government, on the other hand, contends that the parenthetical is a short-hand description of the cross referenced provisions, not a substantive restriction. The BIA agreed, holding that

the parenthetical is merely descriptive. A reading of [INA §] 101 (a)(43) in its entirety supports this conclusion. Section 101(a)(43) references a number of statutes that are outside of the [INA]. These include

---

[8]The term "smuggle" is generally understood to require the crossing of a national border. <u>See</u> <u>United States v. Monjaras-Castaneda</u>, 190 F.3d 326, 328 (5th Cir. 1999).

**4**

provisions contained in titles 18, 26, and 50 of the [U.S.C.]. Instead of requiring the reader to examine the referenced titled and section of the code, [the many] subparagraphs . . . of [INA §] 101(a)(43) include parentheticals which provide a shorthand description of the referenced criminal offenses.[9]

In <u>United States v. Monjaras-Casteneda</u>,[10] we faced precisely the same question in the sentencing-guidelines context[11] and reached the same conclusion as did the BIA in this case. We held that "'(relating to alien smuggling)' acts only to describe, not to limit the 'offenses described in paragraph (1)(A) or (2) of section 1324(a).'"[12] Ruiz-Romero argues that because this is an immigration case and <u>Monjaras-Casteneda</u> was a sentencing guidelines case, it is merely persuasive authority and should be disregarded. We disagree.

---

[9]<u>Matter of Ruiz Romero</u>, 22 I. & N. __, 19 Immigr. Rep. B1-351 (Interim Decision No. 3376, BIA 1999).

[10]190 F.3d 326, 331 (5th Cir. 1999).

[11]Monjaras-Casteneda was convicted of illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) & (b)(2). <u>See</u> <u>id.</u> at 327. He had previously been arrested for transporting aliens in violation of INA § 241(a)(2)(A)(iii) (now INA § 237(a)(2)(A)(iii), see <u>supra</u> n.3) and deported. (Ruiz-Romero was convicted under the same sub-section.) The Sentencing Guidelines section applicable to Monjarads-Casteneda's illegal reentry conviction provides for a sentencing enhancement for those who have previously been convicted of an aggravated felony. Application Note One to that section of the sentencing guidelines provides that "[a]ggravated felony is defined at 8 U.S.C. § 1101(a)(43)." <u>See</u> U.S.S.G. § 2L1.2, comment, n.1. In <u>Monjaras-Casteneda</u>, therefore, we applied the same definition of "aggravated felony" to the same underlying substantive offense (i.e., transporting aliens within the United States in violation of INA § 237(a)(2)(A)(iii)).

[12]190 F.3d at 331.

5

Ruiz-Romero correctly points out that in <u>United States v. Pornes-Garcia</u>[13] the Second Circuit gave a different meaning to "aggravated felony" for sentencing-guidelines purposes than a prior Second Circuit panel had for immigration purposes. The <u>Pornes-Garcia</u> court recognized, however, that it was departing from the usual rule that favors uniformity in statutory construction.[14] That court found, nevertheless, that there were overriding considerations that supported construing the same language differently.[15] Unlike the <u>Pornes-Garcia</u> court, we perceive no overriding considerations in this case and are not persuaded that we should deviate from our prior holding.

We therefore hold, in accordance with <u>Monjaras-Casteneda</u>,[16] that the first parenthetical phrase in INA § 101(a)(43)(N) is a description of, not substantive restriction on, the statutory cross references that precede it.[17] It necessarily follows that the BIA

---

[13]171 F.3d 142, 147 (2d Cir. 1999).

[14]<u>See</u>, <u>e.g.</u>, <u>United States v. Fernandez</u>, 887 F.2d 465 (4th Cir. 1989); 2B NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 53.01 (1992 rev. ed.) ("Harmony and consistency are positive values in a legal system because they serve the interests of impartiality and minimize arbitrariness. Construing statutes by reference to others advances those values. In fact, courts have been said to be under a duty to construe statutes harmoniously where that can reasonably be done." (footnotes omitted)).

[15]<u>See</u> 171 F.3d at 147.

[16]190 F.3d at 331.

[17]All of Ruiz-Romero's arguments regarding why the parenthetical phrase is limitation on the statutory references that precede it, and his alternative argument that the rule of lenity is

was correct when it concluded that Ruiz-Romero committed an aggravated felony.

Deportation proceedings were commenced against Ruiz-Romero before April 1, 1997 and concluded more than thirty days after October 30, 1996; therefore, this case is governed by the IIRIRA transitional rules.[18] Under those rules, the Courts of Appeals have no jurisdiction over final orders of removal issued against aliens who have been convicted of an aggravated felony.[19] As we therefore lack subject matter jurisdiction, this appeal is

DISMISSED.

---

applicable, were considered and rejected in <u>Monjaras-Castaneda</u>. We need not repeat that discussion here.

[18]<u>See</u> <u>Requena-Rodriquez v. Pasquarell</u>, 190 F.3d 299, 302-03 (5th Cir. 1999); IIRIRA §§ 309(a) & (c)(1).

[19]<u>See</u> IIRIRA § 309(c)(4)(G).