# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

---

No. 01-60023

(Summary Calendar)

---

PAUL PERVEZ UDWADIA,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
A24 728 947

---

September 17, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Paul Pervez Udwadia ("Udwadia") petitions for review of the Board of Immigration's

("BIA") refusal to reopen deportation proceedings. Finding that Udwadia committed an aggravated

---

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

felony, we dismiss the petition for lack of jurisdiction, and dismiss as moot all other pending motions.

In 1979, Udwadia, a native of Seychelles, received a six-month nonimmigrant visitor visa to enter the United States. He failed to return to his native country by the required date. About five years later, the Immigration and Naturalization Service ("INS") charged him with being deportable for remaining in the United States beyond the time permitted. At a deportation hearing, Udwadia conceded that he overstayed his visa, but the Immigration Judge ("IJ") gave him a continuance to submit an application for asylum.

Before he filed for asylum, Udwadia pleaded guilty to distribution of cocaine, and was sentenced to three years' imprisonment in September 1985. While he remained in prison, an IJ held that Udwadia had abandoned his asylum claim by not submitting an application and found him deportable *in absentia*. After being released from prison, Udwadia filed a motion to reopen his deportation proceeding on the ground that he was incarcerated at the time. The IJ granted the motion.

Despite being given a second opportunity to submit an asylum application, Udwadia failed to file it. The IJ again stated that he had abandoned the application, and found him deportable. He appealed to the BIA, which held that he was ineligible for asylum because he was an alien convicted of an aggravated felony. Finally, in July 2000, he filed another motion to reopen the deportation proceedings, claiming that his attorney rendered ineffective assistance by failing to submit an asylum application. The IJ denied the motion, finding, among other things, that it was untimely. The BIA affirmed the IJ's decision. Udwadia now petitions from the BIA's final order.

We dismiss this petition for lack of jurisdiction. As a preliminary matter, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") apply here, because

Udwadia's deportation proceeding was commenced before April 1, 1997, and the final order was entered after October 30, 1996. *See Ruiz-Romero v. Reno*, 205 F.3d 837, 840 (5th Cir. 2000) (applying the transitional rules of IIRIRA). Under the transitional rules, "the Courts of Appeals have no jurisdiction over final orders of removal issued against aliens who have been convicted of an aggravated felony." *Id.* Udwadia does not dispute that he is an aggravated felon. The Supreme Court's recent decision in *INS v. St. Cyr*, 121 S. Ct. 2271 (2001) does not affect this case because *St. Cyr* was limited to 28 U.S.C. § 2241 habeas petitions. *See also Alonge v. Ashcroft*, No. 00-60734 (5th Cir. Aug. 16, 2001) (unpublished) (holding that *St. Cyr* does not apply to direct petitions from the BIA's final order).

Udwadia points out that he allegedly received ineffective assistance of counsel because his attorney failed to file an asylum application, and the INS consequently ordered him removed for remaining in the United States beyond the time permitted by his nonimmigrant visitor visa. This argument lacks merit. Although the INS had initially ordered him removed for overstaying his visa and not for committing an aggravated felony, "[w]hat the INS originally charged is of no consequence; so long as the alien in fact is removable for committing an aggravated felony, this court has no jurisdiction, irrespective of whether the INS originally sought removal for that reason." *Lopez-Elias v. Reno*, 209 F.3d 788, 793 (5th Cir. 2000).

Udwadia's petition is DISMISSED for lack of jurisdiction. We DISMISS AS MOOT all other pending motions.