United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-50907

_____

OLGA LIDIA GARCIA,

Petitioner-Appellant,

versus

KENNETH PASQUARELL, District Director,
Immigration and Naturalization Service,

Respondent-Appellee.

_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. A-03-CV-92-JN)

_____

Before REAVLEY, JONES and DENNIS, Circuit Judges.

REAVLEY, Circuit Judge:[*]

Olga Garcia appeals the district court judgment denying habeas corpus relief. We

affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

Garcia was ordered deported by an immigration judge and that order was affirmed by the Board of Immigration Appeals (BIA). Garcia argues that she would have been eligible for discretionary relief from removal but for the BIA's ruling that she was ineligible for such relief because she committed an aggravated felony. See 8 U.S.C. § 1229b(a)(3).

In 2000, Garcia pleaded guilty to felony possession of a controlled substance in state court. The BIA correctly ruled that a state court drug possession felony was an aggravated felony. Under the Immigration and Nationality Act, an aggravated felony includes "a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). In United States v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001), we held that, for purposes of the immigration laws, an aggravated felony includes a state court drug possession felony if the state offense is also punishable under the federal Controlled Substances Act (CSA). Notwithstanding Garcia's arguments to the contrary, this holding is not dicta and Hernandez-Avalos is directly on point.

Garcia argues that Hernandez-Avalos should not be applied retroactively. She points out that, at the time she pleaded guilty, the BIA was still following its own administrative precedents holding that a state drug felony is not an aggravated felony unless that crime is also a felony under the CSA. As we understand Garcia's position, it is premised on her arguments that (1) Hernandez-Avalos announced a new rule of law, (2) she had relied on earlier, contrary law in pleading guilty, and (3) applying Hernandez-Avalos retroactively in these circumstances would amount to a denial of due process or

2

otherwise lead to a fundamentally unfair result. We find none of these arguments well taken.

First, Hernandez-Avalos did not announce a new rule in this circuit. We had previously held, years before Garcia pleaded guilty, that a state drug felony is a "drug trafficking crime" under 18 U.S.C. § 924(c). United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997). While Hinojosa-Lopez arose under the Sentencing Guidelines rather than the immigration laws, it involved the same question of whether a "drug trafficking crime" described in § 924(c) includes a state felony punishable under the CSA. As we stated in Hernandez-Avalos, the inquiry "involves the same words of the same phrase from the same statute that is being interpreted in each instance." 251 F.3d at 509. We held "that the statutory language is clear—and is the same—whether applied in sentencing or immigration cases." Id. at 510. Whether or not the BIA had taken a contrary position, the Fifth Circuit's view on this question of law prevails over the views of the BIA in this circuit. Id. at 508 n.2. Furthermore, we had held, in March 2000, before Garcia pleaded guilty, that the definitions of "aggravated felony" under the immigration laws and the Sentencing Guidelines are the same. Ruiz-Romero v. Reno, 205 F.3d 837, 839-40 (5th Cir. 2000). Ruiz-Romero concerned whether a certain alien smuggling offense was an aggravated felony.

Even if Hernandez-Avalos announced a new rule, retroactive application of judicial decisions is "overwhelmingly the norm," and any exceptions to this rule that might still exist are limited to the "extremely unusual and unforeseeable case." Hulin v.

3

Fibreboard Corp., 178 F.3d 316, 330 n.7 & 333 (5th Cir. 1999) (quoting James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 535 (1991)). Hernandez-Avalos cannot be described as extremely unusual and unforeseeable. If it announced a new rule at all, that rule was an entirely predictable extension of Hinojosa-Lopez.

Further, reliance alone on existing precedent does not foreclose retroactive application of a new rule of law announced by judicial decision. Hulin, 178 F.3d at 333 (quoting Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 758 (U.S. 1995)). Garcia fails to persuade us of any circumstances in addition to her alleged reliance that compel us to stray from the general rule that judicial decisions are applied retroactively. "The general principle that statutes operate prospectively and judicial decisions apply retroactively ha[s] been followed by the common law and the Supreme Court's decisions 'for near a thousand years.'" Hulin, 178 F.3d at 329 (quoting Kuhn v. Fairmont Coal Co., 215 U.S. 349, 372 (1910) (Holmes, J., dissenting)).

Moreover, even if reliance on existing precedents could work an exception to the general rule of retroactivity, Garcia failed to demonstrate that she in fact relied on the contrary administrative decisions. An affidavit from Garcia states that she relied on counsel in pleading guilty, but does not state that she discussed with her lawyer the effect of her guilty plea on her immigration status. Her criminal lawyer told her lawyer in the pending proceeding that "he thought Ms. Garcia might be eligible for some form of relief in deportation proceedings and that this affected his decision to recommend that she accept a sentence of ten years probation." This amorphous "thought" that Garcia "might"

4

be eligible "for some form" of relief from deportation strikes us as wholly inadequate to support habeas corpus relief. There is no evidence in the record that Garcia or her counsel had the vaguest familiarity with the administrative decisions on which she now relies and the contrary decision of the Fifth Circuit in Hinojosa-Lopez.

In INS v. St. Cyr, 533 U.S. 289 (U.S. 2001), the Court held, in a habeas proceeding, that a statutory repeal of discretionary relief from deportation did not apply retroactively. We do not view St. Cyr as applicable to the pending case involving judicial retroactivity. Even if the reasoning of St. Cyr should inform the due process question in the pending case, the Court in St. Cyr stated that it was guided by considerations of "reasonable reliance" and "settled expectations." Id. at 321 (citations and internal quotation marks omitted). If Garcia had established reliance on the administrative decisions, which she did not, that reliance cannot be described as reasonable or consistent with settled expectations, since at the time she pleaded guilty the Fifth Circuit had held in Hinojosa-Lopez that a state drug possession felony was an aggravated felony under § 924(c).

AFFIRMED.