United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-60625
Summary Calendar

ANA GLADIS INTERIANO DE RIVAS,

Petitioner,

versus

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 873 670

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ana Gladis Interiano Rivas (Rivas) moved to reopen November 1994 removal proceedings in which she was deported *in absentia*. The Board of Immigration Appeals ("BIA") summarily affirmed the decision of the Immigration Judge (IJ) that denied her motion. Rivas petitions this court

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

for review of the BIA's denial of her motion to reconsider its decision. For the following reasons, the petition is denied.

## I. FACTUAL AND PROCEDURAL HISTORY

The following facts are undisputed. On June 19, 1994, seventeen year old Rivas entered the United States by wading through the Rio Grande. According to her affidavit, she was detained and transported to Laredo, Texas. When questioned, she indicated she was a native and citizen of El Salvador en route to be with her husband in Washington, D.C. The next day, Rivas was personally served with an Order to Show Cause (OSC) that charged her with entering without inspection, then released on her own recognizance.

Two notices of a deportation hearing in San Antonio, Texas, were sent via certified mail to the Washington, D.C., address Rivas had provided. The first certificate of receipt was signed by Julio Cruz on or about July 25, 1994; the second notice rescheduled the master hearing from October 5, 1994, to November 2, 1994, but was returned in September 1994 unclaimed after attempted delivery. On November 2, 1994, the IJ determined that Rivas was provided notice of the time and place of the proceeding by written notice by certified mail at the most recent address contained in the record of proceeding, and held the hearing *in absentia*. At the conclusion of the *in absentia* hearing, the IJ ordered that Rivas be deported to El Salvador.

Approximately four years later, pursuant to Immigration and Nationality Act § 245, 8 U.S.C. § 1255, Rivas applied in December 1998 for an adjustment of her status as a dependent of a principal alien. Her husband, Omar De Jesus Rivas, had applied for permanent resident status. His application was granted in September 2000. Through the application process, Rivas learned that she had been deported *in absentia* in 1994.

On or about November 1, 2002, Rivas filed a motion to reopen her deportation proceedings and to change the venue to Baltimore, Maryland. The motion asserted that she had not received notice of the November 2, 1994, hearing as evidenced by the fact that the notice sent to her was returned unclaimed. The motion also asserted that she has since become eligible to adjust her status as the derivative beneficiary of her husband. Rivas's motion noted that (1) her application to adjust status (Form I-485) was denied because of the November 2, 1994 in absentia deportation; (2) she was unaware of the deportation order when she filed the Form I-485; and (3) her counsel only recently received a copy of that order and underlying file, which had a different "A" number than on her Form I-485.

Attached to Rivas's motion to reopen was a copy of the return receipt showing that the August 31, 1994, notice to appear had been returned unclaimed. Also included was documentation indicating that she had become eligible for adjustment of status in 1998: approval of her husband's application for adjustment of status as an I485 permanent resident and as a I140 skilled worker or professional, along with Rivas's November-December 1998 application for adjustment of status and their January 17, 1991 marriage certificate.

In an opinion dated November 6, 2002, the IJ noted that Rivas argued that she and her husband moved in July 1994 and that she notified the immigration review office in San Antonio, Texas, of her address change. The IJ also noted, inter alia, that the OSC advised Rivas, in Spanish and English, of her obligation to file written notice with the office of the Immigration Judge listed in the OSC within five days of any address or telephone number change. The IJ recalled its November 2, 1994, finding that Rivas was provided notice of the time and place of the proceeding by written notice by certified mail at the most recent address, and concluded that notice to Rivas was legally

3

sufficient. The IJ further concluded that Rivas did not demonstrate that she failed to appear due to exceptional circumstances.

On appeal to the BIA, Rivas also presented an affidavit "in support of [her] motion to reopen deportation proceedings, so that [she] may apply for lawful permanent resident status as a derivative beneficiary of [her] husband, a lawful permanent resident." The affidavit stated that the officer who interrogated her when she was detained in 1994 "did not speak Spanish like a native speaker, and it was not easy to understand him." Moreover, the affidavit stated that the officer filled out some papers and gave them to her to sign, but did not read the papers to her in English or Spanish, and did not explain them. According to Rivas's affidavit, "the officer just put the papers in front of [her] and ordered [her], 'Sign here, sign here, sign here.'" The affidavit also states that, upon release from the San Antonio INS office, she flew to Washington, D.C., to live with her husband; after about two weeks, they moved to Silver Spring, Maryland and provided a change of address to the U.S. Postal Service. The BIA affirmed the IJ's decision without opinion.

Rivas filed a motion to reconsider. On August 26, 2004, the BIA filed an order that stated "We have reviewed the arguments made by [Rivas] in her motion and note that we considered these arguments before rendering a decision in this case. We decline to revisit them. Accordingly, the motion is denied." The BIA's decision was reissued on June 29, 2004, due to an error in notice to Rivas's counsel. Rivas timely petitions this court for review of the reissued BIA decision, asserting that the BIA abused its discretion by denying the motion to reconsider and by failing to remand the case for the IJ to resolve factual disputes about the returned notice.

## II. STANDARD OF REVIEW

4

The BIA's denial of a motion to reopen or to reconsider is reviewed under a highly deferential abuse-of-discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005) (citing *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000)). Under this standard, we must affirm the Board's decision as long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (quoting *Zhao*, 404 F.3d at 304)). "Motions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (citation and internal quotation marks omitted).

Our review of constitutional challenges is de novo. *Id.* (citing *Soadjede v. Ashcroft*, 324 F.3d 830, 831 (5th Cir. 2003)). Likewise, we review de novo the BIA's legal conclusions. *Singh*, 436 F.3d at 487. "Nevertheless, a legal conclusion that embodies the Board's interpretation of an ambiguous provision of a statute it administers is entitled to the deference prescribed by *Chevron U.S.A. Inc. v. Natural Resource Defense Council*, 467 U.S. 837 (1984)." *Id.* (citing *Ruiz-Romero v. Reno*, 205 F.3d 837, 838 (5th Cir. 2000)). Similar deference is owed to the Board's interpretations of its own regulations. *Id.*

The BIA's decision on appeal and reconsideration summarily affirmed the IJ's denial of the motion to reopen. When, as here, the BIA essentially adopts the IJ's decision and does not add reasoning of its own, we review the IJ's decision. *Williams-Igwonobe v. Gonzales*, 437 F.3d 453, 455 (5th Cir. 2006) (citing *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir.1997)).

III. DISCUSSION

Petitioner, Ana Gladis Interiano Rivas, seeks a remand to the IJ in order to present evidence that she did not receive oral notice of her rights and obligations pursuant to the June 20, 1994, OSC so that she may pursue an adjustment of status. She argues that her motion to reopen is not untimely because she did not receive notice of the November 2, 1994, master hearing that resulted in her *in absentia* deportation. The reasons for her failure to appear are that (1) having moved in mid-July 1994, she did not receive the notice and therefore did not know about the master hearing, and (2) she had not been orally advised of the requirement that she notify the immigration court of any address change.

A. Denial of the Motion to Reopen

In 1994, the relevant notice provisions of the Immigration and Naturalization Act, as amended by the Immigration Act of 1990 (INA), required that Rivas be given written notice either in person or by certified mail of the time and place of the proceedings and of the new time or place of rescheduled proceedings. 8 U.S.C. §1252b(a)(2)(A) (1994), repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), § 308(b)(6), Pub.L. 104-208, 110 Stat. 3009 (Sept. 30, 1996). This notice was to be given "in the OSC or otherwise," and was to include notice of certain consequences of the failure, except under exceptional circumstances, to appear at such proceedings.[1] *Id.*

---

[1] The consequences that had to be included in the notice included: deportation *in absentia*; no requirement that she be given notice if she did not provide an address or written record of any change of address; certain limitations upon when and how the *in absentia* order may be rescinded; and ineligibility for certain discretionary relief for a period of five years if she had been orally notified of the time and place of the proceedings and of the consequences of failure to appear for other than exceptional circumstances. 8 U.S.C. §1252b(c)(1)-(3), (e)(1) (1994), repealed by the IIRIRA, § 308(b)(6), Pub.L. 104-208, 110 Stat. 3009 (Sept. 30, 1996).

6

A motion to reopen seeks consideration of newly discovered facts and is supported by affidavits or other evidentiary material. 8 U.S.C. § 1229(a)(c)(7). A motion to reopen may also "solicit[] an opportunity to apply for discretionary relief." *Panjwani v. Gonzales*, 401 F.3d 626, 628 n.4 (5th Cir. 2005) (quotation marks and alterations omitted) (quoting *Goonsuwan v. Ashcroft*, 252 F.3d 383, 386 (5th Cir. 2001)). In contrast, a motion to reconsider deals with errors of fact or law and is supported by pertinent authority. 8 U.S.C. § 1229a(c)(6) (2000); 8 C.F.R. § 1003.2(b)(1) (2002).

The administrative record reveals that Rivas was notified, as required, of her obligations and the consequences of failure to perform them, and that notice of the November 2, 1994, hearing was sent by certified mail to the last address she had provided.

> In cases where service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises which only may be overcome by the affirmative defense of nondelivery or improper delivery by the Postal Service.

*In re Grijalva*, 21 I. & N. Dec. 27 (1995); *see also Ghounem v. Ashcroft*, 378 F.3d 740, 744 (8th Cir. 2004) (noting that in *Grijalva* the BIA found that a "strong presumption of effective service" arises when the Office of the Immigration Judge sends notice by certified mail).

Rivas asked the IJ to reopen proceedings, and later requested that the BIA remand her case to the IJ, in order to present evidence about the absence of oral notice and to address the merits of her eligibility for adjustment of status. Other than the return receipt showing that the notice sent to the address she provided was returned unclaimed, the documentation presented to the IJ related to her eligibility for adjustment of status. Rivas presented no affidavit or other evidentiary material to

7

rebut the strong presumption of effective service of the Notice of Hearing. On this record, we find no error of law or fact in the finding, adopted by the BIA, that notice to Rivas of the November 2, 1994, hearing was legally sufficient.

Rivas is only entitled to file a motion to reopen her *in absentia* deportation proceedings to rescind the deportation order "at any time" if she demonstrates that notice of the proceeding was legally insufficient. 8 U.S.C. § 1229a(b)(5)(C)(ii). Otherwise, her motion to reopen must be filed within 180 days of the 1994 final administrative deportation order. 8 U.S.C. § 1229a(b)(5)(C)(i), (c)(6)(C)(iii) (2000). The instant motion was filed years after the 180 day period applicable to non-rescission motions to reopen *in absentia* deportation proceedings. As discussed above, there was no demonstration that the notice was legally insufficient. Therefore, Rivas's motion to reopen for consideration of her eligibility for adjustment of status was filed untimely. Moreover, even if the motion had been filed timely, the IJ "has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief." 8 C.F.R. § 1003.23(b)(3) (2002). For these reasons, we find no abuse of discretion in the BIA's ruling that upheld its decision to affirm the IJ's order, even though there was no mention of Rivas's eligibility for adjustment of status.

B. Fifth Amendment Due Process

Rivas also contends that the decisions of the BIA and IJ violated her Fifth Amendment right to due process. It is well settled that a denial of discretionary relief does not rise to the level of a constitutional violation even if Rivas had been eligible for it. *Finlay v. INS*, 210 F.3d 556, 557 (5th Cir. 2000); *Altamirano-Lopez*, 435 F.3d at 550; *see also*, *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) ("[Petitioner's] motion to reopen does not allege a violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not

amount to a deprivation of a liberty interest.'"); *Nguyen v. Dist. Dir., Bureau of Immigration & Customs Enforcement*, 400 F.3d 255, 259 (5th Cir. 2005) ("the denial of the possibility of discretionary relief from removal does not threaten [an alien]'s constitutional right to due process."). Without regard to the basis of her motion to reopen, the decision whether to grant the motion was purely discretionary. *Zhao*, 404 F.3d at 303; *INS v. Doherty*, 502 U.S. 314, 323 (1992). Therefore, denial of this discretionary relief neither violates Rivas's due process rights nor provides a basis to reverse the BIA's denial of the motion for reconsideration.

## IV. CONCLUSION

Our review of the BIA's denial of Rivas's motion for reconsideration reveals no error. Therefore, we conclude that the BIA did not abuse its discretion to deny the motion to reconsider. Accordingly, we DENY Rivas's petition for review.