# Matter of Chrysanth George GRUENANGERL, Respondent

*Decided October 15, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The crime of bribery of a public official in violation of 18 U.S.C. § 201(b)(1)(A) (2006) is not an offense "relating to" commercial bribery and is therefore not an aggravated felony under section 101(a)(43)(R) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(R) (2006).

FOR RESPONDENT: Melissa M. Lopez, Esquire, El Paso, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Tiffany L. Garraton, Assistant Chief Counsel

BEFORE: Board Panel: COLE, PAULEY, and WENDTLAND, Board Members.

PAULEY, Board Member:

In a decision dated September 22, 2009, an Immigration Judge found the respondent removable from the United States under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien convicted of an aggravated felony. The respondent has timely appealed from that decision. The appeal will be sustained in part, and the record will be remanded for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Austria who was admitted to the United States as a lawful permanent resident on March 13, 1989. On July 16, 2007, he was convicted of bribery of a public official in violation of 18 U.S.C. § 201(b)(1)(A) (2006), for which he was sentenced to 36 months of imprisonment.[1]

---

[1] We note that the although the respondent's judgment of conviction states that his offense was "attempted" bribery of a public official, there is no language relating to attempt in 18 U.S.C. § 201(b)(1)(A), and the indictment against the respondent only charges the substantive crime, with no mention of attempt. No issue has been raised by the parties in this regard.

The Department of Homeland Security ("DHS") initiated removal proceedings against the respondent, charging that he is removable under sections 237(a)(2)(A)(i) and (iii) of the Act, as an alien convicted of a crime involving moral turpitude and an aggravated felony. Specifically, the DHS charged that the respondent's crime qualified as an aggravated felony because it was an offense relating to commercial bribery under section 101(a)(43)(R) of the Act, 8 U.S.C. § 1101(a)(43)(R) (2006), and obstruction of justice, perjury or subornation of perjury, or bribery of a witness under section 101(a)(43)(S).

The Immigration Judge found that the respondent's conviction was for an aggravated felony under section 101(a)(43)(R) of the Act, but not under section 101(a)(43)(S). The Immigration Judge did not make a ruling as to whether the respondent is removable under section 237(a)(2)(A)(i) of the Act as an alien convicted of a crime involving moral turpitude. On appeal, the respondent argues that his offense is not an aggravated felony under section 101(a)(43)(R) of the Act and that the proceedings should therefore be terminated.

## II. ISSUE

At issue in this case is whether the Immigration Judge correctly held that the respondent's conviction for bribery of a public official was for an offense "relating to commercial bribery" under section 101(a)(43)(R) of the Act. We review this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2010).

## III. APPLICABLE LAW

The respondent was convicted under 18 U.S.C. § 201(b)(1)(A), which prohibits the "[b]ribery of public officials and witnesses." That section provides, in relevant part, that a person violates the statute if he or she

> directly or indirectly, corruptly gives, offers or promises anything of value to any *public official* or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, *with intent*—
> (A) to influence any official act . . . .[2]

(Emphasis added.)

---

[2] We note that a conviction for bribery of a public official under 18 U.S.C. § 201(b)(1) does not require that something of value be given. Making an offer or promise of something of value is sufficient.

Under section 101(a)(43)(R) of the Act, "an offense relating to commercial bribery . . . for which the term of imprisonment is at least one year" is an aggravated felony. The Act does not define what constitutes "commercial bribery." There is also no Federal definition of commercial bribery because there is no general Federal offense of commercial bribery.[3]

*Black's Law Dictionary* 204 (8th ed. 2004) defines commercial bribery as follows:

> 1. The knowing solicitation or acceptance of a benefit in exchange for violating an oath of fidelity, such as that owed by an employee, partner, trustee, or attorney. Model Penal Code § 224.8(1). 2. A supposedly disinterested appraiser's acceptance of a benefit that influences the appraisal of goods or services. Model Penal Code § 224.8(2). 3. Corrupt dealing with the agents or employees of prospective buyers to secure an advantage over business competitors.

Section 224.8 of the Model Penal Code defines commercial bribery as follows:

> (1) A person commits a misdemeanor if he solicits, accepts or agrees to accept any benefit as consideration for knowingly violating or agreeing to violate a duty of fidelity to which he is subject as:
>     (a) partner, agent, or employee of another;
>     (b) trustee, guardian, or other fiduciary;
>     (c) lawyer, physician, accountant, appraiser, or other professional adviser or informant;
>     (d) officer, director, manager or other participant in the direction of the affairs of an incorporated or unincorporated association; or
>     (e) arbitrator or other purportedly disinterested adjudicator or referee.
> (2) A person who holds himself out to the public as being engaged in the business of making disinterested selection, appraisal, or criticism of commodities or services commits a misdemeanor if he solicits, accepts or agrees to accept any benefit to influence his selection, appraisal or criticism.
> (3) A person commits a misdemeanor if he confers, or offers or agrees to confer, any benefit the acceptance of which would be criminal under this Section.

---

[3] Federal law includes several commercial bribery statutes targeted at bribery of persons in specific industries, such as 18 U.S.C. §§ 212-213, 215 (financial institutions), 18 U.S.C. § 224 (sports), 18 U.S.C. § 1954 (employee welfare benefit and pension plans), and 41 U.S.C. § 53 (United States contractors). The Final Report of the National Commission on Reform of Federal Criminal Laws (1971) recommended enactment of a general Federal commercial bribery statute, but none was ever enacted despite the inclusion of such a proposal in subsequent bills to revise the Federal criminal code. Notably, however, these bills treated bribery of public officials and commercial bribery as very different species of offenses, placing them in different chapters of the proposed code. *See, e.g.*, S. Rep. No. 97-307 (1981) (to accompany S. 1630, which included bribery of public officials in chapter 13, at section 1351, and commercial bribery in chapter 17, at section 1751).

Many State statutes also criminalize commercial bribery.  For example, section 32.43 of the Texas Penal Code defines commercial bribery as follows:

> (b) A person who is a fiduciary commits an offense if, without the consent of his beneficiary, he intentionally or knowingly solicits, accepts, or agrees to accept any benefit from another person on agreement or understanding that the benefit will influence the conduct of the fiduciary in relation to the affairs of his beneficiary.
> (c) A person commits an offense if he offers, confers, or agrees to confer any benefit the acceptance of which is an offense under Subsection (b).[4]

Similarly, section 53a-160(a) of the Connecticut Penal Code defines commercial bribery as follows:

> A person is guilty of commercial bribery when he confers, or agrees to confer, any benefit upon any employee, agent or fiduciary without the consent of the latter's employer or principal, with intent to influence his conduct in relation to his employer's or principal's affairs.

## IV.  ANALYSIS

The statute under which the respondent was convicted, 18 U.S.C. § 201, involves bribery of a "public official," a broadly defined term that includes not only persons employed by the Government but any other "person acting for or on behalf of the United States."  18 U.S.C. § 201(a)(1); *see also Dixson v. United States*, 465 U.S. 482 (1984).  Conviction under this statute requires the intent to influence an "official act," another term that is broadly defined as "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such public official's official capacity."  18 U.S.C. § 201(a)(3).

Thus, the gravamen of the offense is the intent to influence official conduct. It is immaterial whether the official act is expected to result in pecuniary gain

---

[4] For purposes of the commercial bribery definition, section 32.43(a) of the Texas Penal Code provides the following definitions:
   (1) "Beneficiary" means a person for whom a fiduciary is acting.
   (2) "Fiduciary" means:
      (A) an agent or employee;
      (B) a trustee, guardian, custodian, administrator, executor, conservator, receiver, or similar fiduciary;
      (C) a lawyer, physician, accountant, appraiser, or other professional advisor; or
      (D) an officer, director, partner, manager, or other participant in the direction of the affairs of a corporation or association.

or loss to the Government or to the person who offers or takes the bribe. While many acts of bribery may be ultimately motivated by a desire for pecuniary enrichment, as was apparently the case here,[5] the essence of the offense is the corrupt intent to influence official action. Commercial bribery, however, focuses on influencing action in the private sector involving the breach of the duty of fidelity. *See 2660 Woodley Road Joint Venture v. ITT Sheraton Corp.*, 369 F.3d 732, 737 n.4 (3d Cir. 2004).

Given the fundamental conceptual difference in purpose between bribery of a public official to influence official action and a private sector commercial bribery, we agree with the respondent that the offense defined in 18 U.S.C. § 201(b)(1)(A) is not one "relating to" to commercial bribery. However, the Immigration Judge found to the contrary, citing as persuasive authority an unpublished decision by the United States Court of Appeals for the Third Circuit. *Nyakatura v. Att'y Gen. USA*, 256 F. App'x 461, 466-67 (3d Cir. 2007) (holding that bribery concerning a program receiving Federal funds under 18 U.S.C. § 666 was an offense "relating to" commercial bribery). The respondent contends that *Nyakatura* improperly broadens the offenses that may be considered under section 101(a)(43)(R) of the Act. He asserts that the Fifth Circuit, in whose jurisdiction this case arises, has taken a more restrictive approach, under which the phrase "relating to" would require that his offense be described as a crime of "commercial bribery." *Ruiz-Romero v. Reno*, 205 F.3d 837 (5th Cir. 2000). Thus, he argues that the offense of which he was convicted is not one "relating to" commercial bribery.

We do not read *Ruiz-Romero v. Reno* as interpreting the phrase "relating to" in a more limited manner than other circuits. In that case, the Fifth Circuit examined section 101(a)(43)(N) of the Act, which provides that the definition of an aggravated felony includes "an offense described in paragraph (1)(A) or (2) of section 274(a) (relating to alien smuggling)." In particular, the court looked to the meaning of the words "relating to." The court found that the phrase "relating to alien smuggling" is a "description of, not substantive restriction on, the statutory cross references that precede it." *Ruiz-Romero v. Reno*, 205 F.3d at 840.

The courts of appeals, including the Fifth Circuit, and the Board have consistently ruled that the phrase "relating to" has an expansive meaning, particularly when it is used with a general term like "counterfeiting" or "controlled substance," rather than with a specific statutory reference.

---

[5] The indictment set forth that the respondent promised to pay to an employee of the United States Forest Service a portion of a finder's fee that the respondent expected to receive for the sale of a new gondola at a ski resort, if the Forest Service employee would tell the ski resort in a report that it needed to replace the gondola.

*See, e.g.*, *Magasouba v. Mukasey*, 543 F.3d 13 (1st Cir. 2008); *United States v. Chavarria-Brito*, 526 F.3d 1184 (8th Cir. 2008); *Bobb v. Att'y Gen. of U.S.*, 458 F.3d 213 (3d Cir. 2006); *Kamagate v. Ashcroft*, 385 F.3d 144 (2d Cir. 2004); *Peters v. Ashcroft*, 383 F.3d 302 (5th Cir. 2004); *Luu-Le v. INS*, 224 F.3d 911 (9th Cir. 2000); *Matter of Martinez Espinoza*, 25 I&N Dec. 118 (BIA 2009); *Matter of Esqueda*, 20 I&N Dec. 850, 860-62 (BIA 1994). We therefore agree that the phrase "relating to," as it is used in section 101(a)(43)(R) of the Act, encompasses a broad range of conduct.

However, we find that it is not so encompassing as to include convictions under 18 U.S.C. § 201 for bribery involving public officials for the purpose of influencing official action. This conclusion is not inconsistent with the *Nyakatura* decision relied on by the Immigration Judge, because the statute involved there, 18 U.S.C. § 666, is aimed at bribery of agents of *private organizations* that receive Federal funds. It is not a law designed to protect the integrity of the "official act" of a "public official," which is the purpose of 18 U.S.C. § 201.

We find it significant that Congress did not use the terms "bribery" or "bribery for commercial advantage" in section 101(a)(43)(R) of the Act.[6] We note that in *Perrin v. United States*, 444 U.S 37 (1979), the Supreme Court held that the phrase "bribery . . . in violation of the laws of the State in which committed," as it is used in 18 U.S.C. § 1952, i.e., the Travel Act, encompassed a broad range of conduct, including violations of State commercial bribery statutes. The Court found that Congress intended to use the generic definition of bribery rather than the narrower common law definition, which is the bribery of a public official. *Id.* at 49. The Court's decision was issued before section 101(a)(43)(R) of the Act was enacted. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 440(e)(8), 110 Stat. 1214, 1277-78. Therefore, we assume that Congress would have been aware that the use of the unrestricted term "bribery" would likely encompass a wide range of conduct, including both bribery of governmental officials and commercial bribery. Nevertheless, Congress opted to use only the narrower term "commercial bribery"in section 101(a)(43)(R).[7]

---

[6] To our knowledge, the legislative history of section 101(a)(43)(R) of the Act does not provide insight regarding the meaning of "commercial bribery." *See Nyakatura v. Att'y Gen. USA*, 256 F. App'x at 465.

[7] Given that bribery of a public official is punishable by imprisonment for up to 15 years, it may seem somewhat anomalous that Congress would include offenses relating to commercial bribery, most of which carry lesser penalties, in the aggravated felony definition, but not this more serious offense. However, we apply the statute as written by Congress.

Moreover, other parts of the aggravated felony definition further indicate that Congress only intended that certain bribery offenses would render an alien removable. For example, Congress chose to make bribery of a witness an aggravated felony in section 101(a)(43)(S) of the Act. It also included the phrase "for commercial advantage" in section 101(a)(43)(K)(ii), which makes transportation for the purpose of prostitution an aggravated felony if it was committed for commercial advantage. However, Congress did not choose to use the phrase "for commercial advantage" in section 101(a)(43)(R), which arguably would have rendered *any* bribery committed for that purpose an aggravated felony. This suggests that Congress purposefully limited the scope of bribery offenses that could be considered aggravated felonies.

The Immigration Judge found that the respondent's conviction was for an aggravated felony under the categorical approach and also, in the alternative, under the modified categorical approach. *See Shepard v. United States*, 544 U.S. 13 (2005); *Taylor v. United States*, 495 U.S. 575 (1990). We disagree with his conclusions.

In *Nijhawan v. Holder*, 129 S. Ct. 2294, 2300-01 (2009), the Supreme Court observed that some aggravated felony provisions are generic categories of offenses for which a categorical approach is used, whereas others include "circumstance-specific" language for which the categorical approach is not appropriate. Section 101(a)(43)(R) of the Act is a generic provision to which the categorical approach applies because it lacks specific circumstances regarding the way the offender committed the crime on a specific occasion. *Id.* at 2298-302 (finding that the "circumstance-specific approach" applied to section 101(a)(43)(M)(i) of the Act, which relates to fraud involving loss to the victim of more than $10,000). Applying the categorical approach, we find that the respondent's violation of 18 U.S.C. § 201(b)(1)(A) is not an aggravated felony under section 101(a)(43)(R) the Act because the statute, on its face, does not define an offense that is sufficiently related to commercial bribery.

Furthermore, we disagree with the Immigration Judge's application of the modified categorical approach, under which he considered the facts of this case, as set forth in the indictment, and found that the respondent's purpose in committing the offense was to obtain financial gain and therefore was commercial in nature. Given that the thrust of 18 U.S.C. § 201(b)(1)(A) is the intent to influence official action, the respondent's particular purpose does not render the offense one "relating to" commercial bribery of a private sector individual.

Based on the foregoing, we find that the respondent's conviction for bribery of a public official under 18 U.S.C. § 201(b)(1)(A) is not for an "offense relating to commercial bribery" under section 101(a)(43)(R) of the Act. Consequently, we reverse the Immigration Judge's finding that the respondent is removable under section 237(a)(2)(A)(iii).

The Immigration Judge did not determine whether the respondent is removable under section 237(a)(2)(A)(i) of the Act as an alien convicted of a crime involving moral turpitude. Given the particular factual issues involving this ground of removability, we find it appropriate to remand the record to the Immigration Judge to make that determination.[8] Accordingly, the respondent's appeal will be sustained in part, and the record will be remanded for further proceedings.

**ORDER:** The appeal from the Immigration Judge's finding of removability under section 237(a)(2)(A)(iii) of the Act is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[8] If the only question in this regard were whether the respondent's offense was a crime involving moral turpitude, we would not remand but would simply answer the question affirmatively, because the Fifth Circuit has so held, and we agree. *See Fuentes-Cruz v. Gonzales*, 489 F.3d 724, 726 (5th Cir. 2007); *Okabe v. INS*, 671 F.2d 863 (5th Cir. 1982); *see also United States ex rel. Sollazzo v. Esperdy*, 285 F.2d 341, 342 (2d Cir. 1961) ("There can be no question but that any crime of bribery involves moral turpitude . . . ."). However, there appears to be a question whether the offense was committed within the requisite period after the respondent's admission, which requires a factual resolution. *See* 8 C.F.R. § 1003.1(d)(3)(i).