United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-60612

**BLANCA ESTHELA DIAZ De DIAZ,**

**Petitioner,**

**versus**

**JOHN ASHCROFT, U.S. ATTORNEY GENERAL,**

**Respondent.**

**Petition for Review of an Order of the
Board of Immigration Appeals
(A44-098-304)**

Before KING, CHIEF JUDGE, and BARKSDALE and PICKERING, Circuit Judges.

PER CURIAM:[*]

By granting a period for voluntary departure, the Family Unity Program, Pub. L. No. 101-649, § 301, 104 Stat. 5029 (1991) (FUP), permits qualified aliens to remain in the United States and work while awaiting adjustment to lawful permanent resident status. At issue is whether voluntary departure status and other benefits under the FUP constitute an "admission in any status", making petitioner eligible for cancellation of removal under 8 U.S.C. § 1229b(a)(2) (requiring, for cancellation of removal eligibility,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

continuous residence in United States for seven years after having been admitted in any status). FUP's voluntary departure is *not* an "admission"; the petition for review is **DENIED.**

## I.

Blanca Esthela Diaz de Diaz, a citizen of Mexico, entered the United States illegally in 1986. She was granted voluntary departure under the Family Fairness Program in 1990, after her husband became a legal United States resident; in 1991, that program became the FUP. Diaz' voluntary departure under FUP was extended in 1991. On 16 June 1993, Diaz was granted permanent residence status.

On 17 March 2000, the INS issued Diaz a notice to appear, advising she was subject to removal under 8 U.S.C. §§ 1182(a)(6)(A)(i) and (E)(i) as an alien present in the United States without being admitted or paroled and as an alien who knowingly aided another alien to attempt illegal entry into the United States. The INS later alternatively charged Diaz under 8 U.S.C. § 1227(a)(1)(E) as an alien who, within five years of entry, knowingly aided another alien to attempt such illegal entry.

Diaz filed an application for cancellation of removal under 8 U.S.C. § 1229b(a). During removal hearings before the immigration judge (IJ), Diaz admitted to helping smuggle her sister into the United States from Mexico and conceded deportability under §

2

1227(a)(1)(E). The Government withdrew its charge under § 1182(a)(6)(A)(i).

After the IJ determined Diaz was removable under § 1227(a)(1)(E) (alien aiding smuggling of another alien is removable), Diaz requested cancellation of removal. The IJ concluded Diaz had not accumulated seven years of continuous residence after being admitted in any status, as required under § 1227(a)(2) for such cancellation, because: Diaz' FUP voluntary departure status was not an "admission"; therefore, the seven-year period did not begin to run until she became a permanent resident on 16 June 1993; and the period of continuous residence ended on the date of her notice to appear, 17 March 2000, approximately three months short of the requisite seven years, pursuant to 8 U.S.C. § 1229b(d)(1) (period of continuous physical presence ends when alien served with notice to appear); *see also **Gonzalez-Torres v. INS**, 213 F.3d 899, 902-03 (5th Cir. 2000).

Diaz appealed the IJ's order to the Board of Immigration Appeals (BIA). On the same grounds as relied upon by the IJ, it dismissed her appeal and ordered her removal.

## II.

Generally, we review only the decision of the BIA, not the IJ. *See **Carbajal-Gonzalez v. INS**, 78 F.3d 194, 197 (5th Cir. 1996). Although the BIA's conclusions of law are reviewed *de novo*, its interpretations of ambiguous provisions of the Immigration and

Naturalization Act (INA), 8 U.S.C. § 1101 *et seq.*, are owed the usual **Chevron** deference. **Ruiz-Romero v. Reno**, 205 F.3d 837, 838 (5th Cir. 2000) (citing **Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.**, 467 U.S. 837 (1984)). The BIA's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary". 8 U.S.C. § 1252(b)(4)(B).

Diaz contends she is eligible for cancellation of removal because she is a lawful permanent resident meeting the requirements under § 1229b(a):

> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>
> (2) has resided in the United States continuously *for 7 years after having been admitted in any status*, and
>
> (3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a)(1)-(3) (emphasis added). Having been admitted on 16 June 1993, Diaz has been lawfully admitted for permanent residence status for more than five years. And, notwithstanding her charge for smuggling her sister into the United States, she has not been convicted of any aggravated felony. Therefore, at issue is whether she has "resided in the United States continuously for 7 years after having been admitted in any status". *Id*. Diaz contends she meets this requirement, claiming that, for purposes of § 1229b(a)(2), the grant of FUP benefits in 1990 constituted an "admission in any status".

4

The FUP acknowledges spouses and children of legalized aliens as present in the United States and permits them being granted "voluntary departure" status. Immigration Act of 1990 (IMMACT), Pub. L. No. 101-649, § 301(a)(1), 104 Stat. 5029; 8 C.F.R. § 236.15. If granted FUP voluntary departure, an alien may receive work authorization, § 301(a)(2); 8 C.F.R. § 236.15(d), and may apply for advanced authorization to travel, 8 C.F.R. § 236.16. This travel authorization includes a provision that, upon return to the United States, the alien "shall be inspected and *admitted in the same immigration status* as the alien had at the time of departure, and shall be provided the remainder of the voluntary departure period previously granted under the Family Unity Program". *Id*. (emphasis added).

According to Diaz, it is axiomatic that, if a returning alien will be admitted in the same status as at departure, then that alien has already been "admitted in any status"; further, because the regulations provide that aliens are authorized to travel "incident to status", one such status can be FUP voluntary departure. 8 C.F.R. § 274a.12(a)(13) & (14). Diaz contends her period of FUP voluntary departure should therefore qualify as an "admission in any status" and fulfill the balance of the seven years residence in the United States required by § 1229b(a)(2).

The Government responds that, in the immigration context, "admission" is a term of art with specific meaning and

5

requirements. "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13). According to the Government, because the FUP does not provide for an "admission" of an alien into the United States, the BIA was correct to conclude the time Diaz spent in the United States under FUP voluntary departure did not count toward that required for cancellation of removal.

The FUP permits qualified aliens to remain in the United States and work while awaiting adjustment to lawful permanent resident status; an alien granted FUP benefits is effectively granted an extended voluntary departure. *See **Hernandez v. Reno**, 91 F.3d 776, 778 (5th Cir. 1996); 8 C.F.R. 236.15(a) ("[v]oluntary departure under this section implements the provisions of section 301 of IMMACT ... and authority to grant voluntary departure under the family unity program derives solely from that section"). On the other hand, as reflected above, a voluntary departure is not an admission under the definition in 8 U.S.C. § 1101(a)(13).

Diaz claims that, after approval of FUP benefits, an alien has effectively been inspected and admitted, if only on a temporary basis. She provides, however, no evidence or legal authority to support this claim. Moreover, voluntary departure (or temporary stay of removal) is not equivalent to admission for temporary residence.

6

The BIA stated: "We do not consider a period during which an alien is to 'depart', even if that period is protracted, to be an 'admission' to the United States". We agree. Diaz, as an alien given voluntary departure, could not simultaneously be admitted in any status; in the immigration context, voluntary departure and admission are mutually exclusive. This is confirmed by the FUP:

> (f) CONSTRUCTION. — Nothing in this section shall be construed as authorizing an alien to apply for admission to, or to be admitted to, the United States in order to obtain benefits under this section.

Section 301(f) of IMMACT, Pub. L. 101-649, 104 Stat. 4978.

Diaz contends this section is confusing at best, but that it most likely prohibits either permitting an alien to enter the country merely to obtain FUP benefits or granting admission to an alien merely so she may obtain FUP benefits. Diaz' first possible interpretation is redundant, see § 301(a) (defining eligible alien as immigrant who resided in United States before 5 May 1988); and it continues to ignore that "admission" in the immigration context is a term of art. Her second interpretation also fails, given that it is FUP voluntary departure status, *not admission*, that permits receipt of FUP benefits.

Although Diaz was permitted to work under FUP, she admits she remained technically deportable as an alien who entered the United States illegally. Notwithstanding FUP's barring her removal during the voluntary departure period beginning in 1990, it did not change

7

her illegal presence in the United States.  That did not change until she adjusted her status through admission on 16 June 1993 as a lawful permanent resident.

Given our deferential standard of review, we hold the BIA decided correctly that a grant of FUP benefits, including voluntary departure, does *not* constitute an "admission in any status". Therefore, Diaz fails to demonstrate she resided in the United States for seven continuous years following admission in any status, as required for cancellation of removal eligibility.  *See* § 1229b(a)(2).

III.

For the foregoing reasons, the petition is

*DENIED*.

8