## Matter of David REZA-Murillo, Respondent

File A070 794 179 - El Paso, Texas

*Decided July 30, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A grant of Family Unity Program benefits does not constitute an "admission" to the United States under section 101(a)(13)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(13)(A) (2006), for purposes of establishing that an alien has accrued the requisite 7-year period of continuous residence after having been "admitted in any status" to be eligible for cancellation of removal under section 240A(a)(2) of the Act, 8 U.S.C. § 1229b(a)(2) (2006).

FOR RESPONDENT: Rebecca B. Robledo, Esquire, El Paso, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Michael Pleters, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated July 10, 2009, an Immigration Judge found the respondent removable under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2006), as an alien who was convicted of a crime involving moral turpitude. The Immigration Judge also pretermitted the respondent's application for cancellation of removal under section 240A(a) of the Act, 8 U.S.C. § 1229b(a) (2006), finding that he was ineligible because he had not resided continuously in the United States for the requisite 7 years after having been "admitted in any status" under section 240A(a)(2). The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was granted lawful permanent resident status on August 14, 2001. In November 2001, he committed the charged criminal offense, which stopped the accrual of his time in continuous residence pursuant to section 240A(d)(1) of the Act.

In proceedings before the Immigration Judge, the respondent conceded removability and applied for cancellation of removal. He argued that the period during which he "resided in the United States continuously . . . after having been admitted in any status" under section 240A(a)(2) of the Act did not begin in 2001 when he became a lawful permanent resident, but rather in 1994 when he was granted benefits under the Family Unity Program ("FUP").[1] However, the Immigration Judge held that a grant of FUP benefits does not constitute an "admission" to the United States and that the respondent was therefore ineligible for relief because he was not "admitted" until 2001. We agree.

## II. ANALYSIS

The Act defines the term "admitted" as "the lawful *entry* of the alien into the United States *after* inspection and authorization by an immigration officer." Section 101(a)(13)(A) of the Act, 8 U.S.C. § 1101(a)(13)(A) (2006) (emphasis added); *see also Matter of Blancas*, 23 I&N Dec. 458 (BIA 2002) (holding that an alien admitted to the United States as a nonimmigrant at the border has been "admitted in any status" for purposes of section 240A(a)(2) of the Act). However, to establish eligibility for FUP benefits, the respondent was necessarily present in the United States, as required by 8 C.F.R. § 236.12(a)(1) (2010), which provides, in pertinent part as follows:

> An alien who is not a lawful permanent resident is eligible to apply for benefits under the Family Unity Program if he or she establishes:
> (1) That he or she entered the United States before May 5, 1988 . . . or as of December 1, 1988 . . . and has been continuously residing in the United States since that date . . . .

Therefore, the respondent's grant of FUP benefits did not itself involve his "entry . . . into the United States after inspection and authorization by an immigration officer" under section 101(a)(13)(A) of the Act.

The grant of FUP benefits may very well have accorded the respondent "any status," as the United States Court of Appeals for the Ninth Circuit held in *Garcia-Quintero v. Gonzales*, 455 F.3d 1006 (9th Cir. 2006), and as we suggested in *Matter of Rotimi*, 24 I&N Dec. 567, 576-77 (BIA 2008). Nonetheless, with regard to the question whether the grant of FUP benefits

---

[1] Under the FUP, which was established in 1990, qualifying spouses and children of certain temporary or permanent resident aliens and certain naturalized United States citizens could remain and work in the United States under a 2-year grant of "voluntary departure," which could be extended. *See* 8 C.F.R. §§ 236.12, 236.15 (2010); *see also* Immigration Act of 1990, Pub. L. No. 101-649, § 301, 104 Stat. 4978, 5029-30.

constitutes an "admission," we find that the Ninth Circuit's analysis in *Garcia-Quintero*, which is not binding authority in this jurisdiction, is not persuasive. The Ninth Circuit determined that the definition of the term "admission" in section 101(a)(13)(A) of the Act should not be applied in these circumstances because: (1) in *Matter of Rosas*, 22 I&N Dec. 616 (BIA 1999), we deemed an alien who had adjusted her status to that of a lawful permanent resident to have been "admitted" for purposes of determining whether she was convicted of an aggravated felony "after admission"; (2) the Ninth Circuit imputed a lawful permanent resident "admission" from a parent to a minor child in *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013 (9th Cir. 2005); and (3) the Ninth Circuit viewed the strict application of section 101(a)(13)(A) as contrary to congressional intent. *Garcia-Quintero v. Gonzales*, 455 F.3d at 1015-16. We disagree and find that the relevant language of section 101(a)(13)(A) of the Act controls in the context of this case. *See generally Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).

Significantly, our decision in *Matter of Rosas*, 22 I&N Dec. 616, was supported by the definition of the term "lawfully *admitted* for permanent residence" in section 101(a)(20) of the Act, as well as by other provisions of the Act. It was also predicated on the absurdity of treating aliens who entered the United States without inspection prior to being granted lawful permanent resident status more like aliens without any valid immigration status than like permanent resident aliens who entered the United States after inspection. *Id.* at 621-23; *see also* section 101(a)(20) of the Act. For example, an alien who adjusted to lawful permanent resident status after entering the United States without inspection would, if not deemed admitted, remain susceptible to removal under section 212(a)(6)(A)(i) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006), as an alien present in the United States without having been admitted or paroled. *See Matter of Rosas*, 22 I&N Dec. at 621. Moreover, an alien who resided in the United States for decades as a lawful permanent resident after initially entering without inspection would be ineligible for cancellation of removal under section 240A(a) of the Act, although an alien who accrued just 5 years in lawful permanent resident status after being inspected upon entry 2 years prior to obtaining that status would be eligible for relief. *Id.* at 623. Pursuant to our holding in *Matter of Rosas*, an alien who entered without inspection prior to adjusting to lawful permanent resident status will typically become eligible for cancellation of removal under section 240A(a) after 7 years of continuous residence following the grant of that status and is not removable under section 212(a)(6)(A)(i) of the Act.[2]

---

[2] Although the Fifth Circuit's decision in *Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), was not addressed by the Immigration Judge or raised by the parties

(continued...)

In contrast to the language of the sections of the Act discussed in *Matter of Rosas*, the only mention of the terms "admitted" or "admission" in the FUP regulations pertains to aliens who travel outside the United States and return in accordance with a grant of advance authorization, when they must "be inspected and *admitted* in the same immigration status [they] had at the time of departure." 8 C.F.R. § 236.16 (2010) (emphasis added). Further, FUP benefits may not be terminated because of an alien's inadmissibility under section 212(a)(6)(A)(i) of the Act for being present in the United States without having been admitted or paroled. *See* 8 C.F.R. § 236.18(a)(4) (2010). The Act also does not identify a form of relief unique to FUP beneficiaries, as it does for aliens granted lawful permanent resident status in the context of cancellation of removal under section 240A(a) of the Act. Thus, following the relevant language of section 101(a)(13)(A) by declining to treat a grant of FUP benefits as an "admission" is consistent with the statutory scheme and does not create absurd or bizarre results.

Furthermore, we are not persuaded to depart from the relevant language of the "admission" definition in section 101(a)(13)(A) of the Act with respect to aliens granted FUP benefits by the holdings of *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013, and *Mercado-Zazueta v. Holder*, 580 F.3d 1102 (9th Cir. 2009), which allow minor children to impute lawful permanent resident status and residence from their parents, as discussed in prior precedent decisions that we apply outside the Ninth Circuit. *See Matter of Ramirez-Vargas*, 24 I&N Dec. 599, 600-01 (BIA 2008) (declining to follow *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013); *Matter of Escobar*, 24 I&N Dec. 231, 233-35 (BIA 2007) (same). The Act's favorable treatment of aliens granted lawful permanent resident status does not suggest that aliens granted any lesser immigration status should be deemed to have been "admitted" by virtue of obtaining that lesser status while present in the United States. Such a conclusion would effectively redact the words "entry of the alien into the United States after" from the definition of "admission" in section 101(a)(13)(A) of the Act.

Thus, we decline to deem a grant of FUP benefits to be an "admission." *See generally Diaz v. Ashcroft*, 108 F. App'x 972 (5th Cir. 2004) (unpublished disposition). Such a conclusion would extend our narrowly tailored holding in *Matter of Rosas*, 22 I&N Dec. 616, in the absence of the compelling reasons presented in that case, which include the unique statutory language pertaining

---

(...continued)

on appeal, we note its conclusion, in the context of an alien's eligibility for a waiver of inadmissibility under section 212(h) of the Act, that "post-entry adjustment of status" does not constitute an "admission." The application of that analysis, which was, in part, based on the principle that any lingering ambiguities should be construed in the alien's favor, would inure to the respondent's detriment and would not change the outcome of this case.

to aliens "lawfully *admitted* for permanent residence" and the absurdity of finding long-time lawful permanent resident aliens who entered without inspection prior to being granted that status to be ineligible for cancellation of removal under section 240A(a) of the Act. Lawful permanent residents who entered without inspection and were granted FUP benefits will still generally become eligible for cancellation of removal after 7 years of continuous residence in lawful permanent resident status, absent an intervening stop-time event such as the charged crime involving moral turpitude in this case. *See* sections 240A(a), (d)(1) of the Act. Accordingly, the respondent's appeal will be dismissed.

    **ORDER:** The appeal is dismissed.