**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUANA ACOSTA DE LEON, | No. 08-73253 |
| Petitioner, | Agency No. A077-115-491 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2012
Pasadena, California

Before:  BRIGHT,[**] GRABER, and IKUTA, Circuit Judges.

Petitioner Juana Acosta de Leon petitions for review from the Board of

Immigration Appeals' ("BIA") entry of a final order of removal and denial of

cancellation of removal.  Reviewing de novo "[l]egal questions concerning the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Myron H. Bright, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

meaning of the immigration laws," Aguilar Gonzalez v. Mukasey, 534 F.3d 1204, 1208 (9th Cir. 2008), we deny the petition.

The BIA correctly held that Petitioner had not been "admitted in any status" under 8 U.S.C. § 1229b(a) because, as Petitioner acknowledges, she never entered the country lawfully and therefore cannot meet the statutory definition of "admitted," 8 U.S.C. § 1101(a)(13)(A).

Although we have held that being accepted into certain programs providing immigration benefits constituted being "admitted in any status," see Garcia v. Holder, 659 F.3d 1261 (9th Cir. 2011); Garcia-Quintero v. Gonzales, 455 F.3d 1006 (9th Cir. 2006),[1] those cases are not applicable here. Petitioner here merely applied for temporary status under the Special Agricultural Workers program defined at 8 U.S.C. § 1160(a). Cf., e.g., Garcia-Quintero, 455 F.3d at 1015 (assessing whether acceptance into the Family Unity Program ("FUP") rendered the petitioner "admitted in any status"). The fact that Petitioner received a work permit and some limited right to travel during the period between her application and the agency's determination that her application was fraudulent does not change

---

[1] The BIA has recently disapproved of our decision in Garcia-Quintero. In re Reza-Murillo, 25 I. & N. Dec. 296 (B.I.A. 2010). But this case presents no opportunity to reconsider the viability of Garcia-Quintero because the BIA has not applied its new rule here. See INS v. Orlando Ventura, 537 U.S. 12 (2002) (per curiam).

2

the conclusion.  See Guevara v. Holder, 649 F.3d 1086, 1093–94 (9th Cir. 2011)

("In Garcia-Quintero, our decision to allow FUP participants to qualify as admitted

in any status was not based upon the fact that FUP participants were allowed to

work.  Our decision instead focused on the aliens' acceptance into the FUP."

(citation omitted)).

**Petition DENIED.**