# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2015

Lyle W. Cayce
Clerk

No. 14-60164
Summary Calendar

OCIEL IVAN GOMEZ-SORIA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 611 840

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ociel Ivan Gomez-Soria petitions for review of the Board of Immigration Appeals' (BIA) decision denying his request for cancellation of removal, under 8 U.S.C. § 1229b(a) (requiring, *inter alia*, continuous residence in United States for seven years after having been "admitted in any status"). Gomez challenges the BIA's determination that a grant of benefits under the Family

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60164

Unit Program (FUP), 8 C.F.R. § 236.12, does not constitute an "admission in any status" for the purposes of 8 U.S.C. § 1229b(a).

The BIA's legal determination that Gomez is ineligible for cancellation of removal is reviewed *de novo*; to the extent its determination relies upon interpretation of ambiguous provisions in the Immigration and Naturalization Act, such interpretation is reviewed in accordance with *Chevron, U.S.A. Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984). *Ruiz-Romero v. Reno*, 205 F.3d 837, 838 (5th Cir. 2000); *see also, e.g., Diaz v. Ashcroft*, 108 F. App'x 972, 973 (5th Cir. 2004).

In 1983, Gomez entered the United States without inspection. His application for voluntary departure and employment authorization under the Family Fairness Program, later the FUP, was approved in 1991. He was granted legal permanent residence in October 1995. After his guilty-plea conviction for possession of a controlled substance in July 2002, he was charged with removability under 8 U.S.C. § 1229, and, at his removal hearing, sought cancellation of removability under 8 U.S.C. § 1229b(a). The immigration judge deemed him ineligible for cancellation of removal because he failed to meet the seven-years' continuous-residence requirement. *See* 8 U.S.C. § 1229b(a)(2). The BIA agreed.

Aliens who have been granted legal permanent resident status may seek cancellation of removal if they have "been an alien lawfully admitted for permanent residence for not less than 5 years, ha[ve] resided in the United States continuously for 7 years after having been *admitted in any status*, and ha[ve] not been convicted of any aggravated felony". 8 U.S.C. § 1229b(a) (emphasis added). According to Gomez, he met the requirement of being continuously present seven years in the United States because he was "admitted in any status" in 1991 when he was accepted into the FUP benefit

2

No. 14-60164

program. This claim has been rejected by both the BIA in a precedential decision and by this court in a non-precedential (persuasive) opinion. *E.g., Matter of Reza-Murillo*, 25 I&N Dec. 296, 299–300 (BIA 2010); *Diaz*, 108 F. App'x at 973–75. Moreover, insofar as Gomez asserts the BIA's interpretation of "admission" in both this case and in *Matter of Reza-Murillo* is arbitrary and capricious, and assuming *arguendo* the term is ambiguous, no compelling evidence shows the BIA's interpretation is incorrect under *Chevron* deference. *See, e.g., Dhuka v. Holder*, 716 F.3d 149, 157 (5th Cir. 2013).

DENIED.