**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE JUAN MEDINA-NUNEZ, *Petitioner*, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, *Respondent*. | No. 14-70657 <br><br> B.I.A. No. A070-736-545 <br><br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 13, 2015—San Francisco, California

Filed June 8, 2015

Before: Alex Kozinski and Susan P. Graber, Circuit
Judges, and Michael A. Ponsor,* Senior District Judge.

Per Curiam Opinion

---

* The Honorable Michael A. Ponsor, Senior United States District Judge
for the District of Massachusetts, sitting by designation.

## SUMMARY[**]

### Immigration

The panel denied Jose Juan Medina-Nunez's petition for review of the Board of Immigration Appeals' denial of his application for cancellation of removal for failure to meet the statutory residency requirement.

The panel deferred to the BIA's published opinion in *Matter of Reza-Murillo*, 25 I. & N. Dec. 296 (BIA 2010), to hold that Medina-Nunez's acceptance into the Family Unity Program ("FUP") did not constitute an admission into the United States for purposes of cancellation. The panel held that deference was proper despite this court's prior opinion to the contrary in *Garcia-Quintero v. Gonzales*, 455 F.3d 1006 (9th Cir. 2006) (holding that acceptance into the FUP did constitute an admission), because the holding in *Garcia-Quintero* did not follow from the unambiguous terms of the statute and thus left no room for the agency's discretion.

## COUNSEL

Gary A. Watt and Stephen R. Tollafield, Supervising Counsel, Dorothy C. Yamamoto (argued) and Gregory R. Michael, Student Counsel, Hastings Appellate Project, San Francisco, California, for Petitioner.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Rebekah Nahas (argued), Trial Attorney, and Joyce R. Branda, Acting Assisting Attorney General, Civil Division, Douglas E. Ginsburg, Assistant Director, and Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION

PER CURIAM:

Petitioner Jose Juan Medina-Nunez petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for cancellation of removal under 8 U.S.C. § 1229b(a). The BIA held that Petitioner did not meet the statutory seven-year residency requirement because, under *In re Reza-Murillo*, 25 I. & N. Dec. 296 (B.I.A. 2010), his acceptance into the Family Unity Program ("FUP") did not constitute an admission into the United States for purposes of § 1229b(a)(2). That BIA decision conflicts directly with our decision in *Garcia-Quintero v. Gonzales*, 455 F.3d 1006 (9th Cir. 2006). But, applying the rule announced in *National Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967 (2005), we defer to the BIA's later published decision in *In re Reza-Murillo*. We therefore deny the petition.[1]

---

[1] Petitioner also seeks review of the BIA's determination that he is removable. In an unpublished disposition filed concurrently with this opinion, we conclude that the BIA correctly held that Petitioner is removable.

Petitioner is a native and citizen of Mexico. In 1985, he entered the United States without inspection. In 1996, Petitioner was accepted into the FUP. Persons accepted into the FUP receive significant benefits, including protection from removal, authorization to work in the United States, authorization to travel outside the country, and the option of voluntary departure. *See Garcia-Quintero*, 455 F.3d at 1009–10 (describing the program in detail). In 2007, Petitioner became a legal permanent resident. He was convicted of various crimes in August 1995, August 2000, March 2004, June 2004, and December 2011. In 2012, the government issued him a notice to appear.

Petitioner then sought cancellation of removal under 8 U.S.C. § 1229b(a) which, among other things, requires the applicant to have resided in the country for "7 years after having been *admitted* in any status," *id.* § 1229b(a)(2) (emphasis added). Petitioner argued that he had been "admitted" in 1996, when he was accepted into the FUP. Citing its published decision directly on point, *In re Reza-Murillo*, the BIA held that Petitioner's acceptance into the FUP was not an admission for purposes of § 1229b(a)(2). Accordingly, the BIA denied Petitioner's application for cancellation of removal. Petitioner timely seeks review.

In 2005, we confronted the question whether acceptance into the FUP constitutes an admission for purposes of cancellation of removal. *Garcia-Quintero*, 455 F.3d at 1009. We noted that this was "an issue of first impression" because neither we nor the BIA had addressed the issue in a published decision. *Id.* We held that, because the BIA's decision in *Garcia-Quintero* was unpublished, it was not entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Garcia-*

*Quintero*, 455 F.3d at 1014. Moreover, because the BIA's reasons were unpersuasive, we "conduct[ed] a *de novo* review of the question." *Id.* at 1015. Over a dissent, we held that acceptance into the FUP constituted an admission for purposes of § 1229b(a)(2). *Id.* at 1018–19. In reaching that conclusion, we consulted the text of the statute, the legislative purpose, the legislative history, decisions by the BIA, and a decision by this court, *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013 (9th Cir. 2005). *Garcia-Quintero*, 455 F.3d at 1015–19.

Five years later, the BIA addressed the same issue again, but this time in a published decision. The BIA held that acceptance into the FUP did *not* constitute an admission for purposes of § 1229b(a)(2). *In re Reza-Murillo*, 25 I. & N. Dec. at 297–300. The Immigration and Nationality Act "defines the term 'admitted' as 'the lawful *entry* of the alien into the United States *after* inspection and authorization by an immigration officer.'" *Id.* at 297 (quoting 8 U.S.C. § 1101(a)(13)(A)). Acceptance into the FUP does not require entry, inspection, or authorization. *Id.* "Therefore, the respondent's grant of FUP benefits did not itself involve his 'entry . . . into the United States after inspection and authorization by an immigration officer' under section 101(a)(13)(A) of the Act." *Id.* (alteration in original) (quoting 8 U.S.C. § 1101(a)(13)(A)). Accordingly, acceptance into the FUP did not mean that the alien had been "admitted" for purposes of § 1229b(a)(2). *Id.* Looking to its own decisions and to decisions by this court, the BIA explained at length why our decision in *Garcia-Quintero* was "not persuasive." *Id.* at 298–300.

In sum, we confront a conflict between our own precedent and the BIA's later published precedent to the contrary. The Supreme Court has instructed us on the proper outcome in

precisely this situation: "A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to *Chevron* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion." *Brand X*, 545 U.S. at 982.

Our prior decision did not "follow[] from the unambiguous terms of the statute and thus leave[] no room for agency discretion." *Id.* Indeed, as noted above, in addition to interpreting the statutory text, we consulted legislative history, legislative purpose, decisions by the BIA, and our own decision in *Cuevas-Gaspar* (which since has been overruled by *Holder v. Martinez Gutierrez*, 132 S. Ct. 2011 (2012)). *Garcia-Quintero*, 455 F.3d at 1015–19.

We also have no trouble concluding that the BIA's decision in *In re Reza-Murillo* is "otherwise entitled to *Chevron* deference." *Brand X*, 545 U.S. at 982. It is reasonable for the BIA to apply the statutory definition of the term "admitted." Nothing in the statutory text, the BIA's cases, or our own cases precludes the BIA from relying on that definition.

Pursuant to *Brand X*, we must afford *Chevron* deference to the BIA's decision in *In re Reza-Murillo* holding that acceptance into the Family Unity Program does not constitute an admission for purposes of § 1229b(a)(2). The BIA therefore correctly denied Petitioner's application for cancellation of removal.

**Petition DENIED.**