**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO LOPEZ, | No. 11-73405 |
| Petitioner, | Agency No. A070-770-321 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 23, 2015[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Guillermo Delgado Lopez petitions for review of a Board of Immigration

Appeals (BIA) decision affirming the denial of his application for adjustment of

status and denying his motion to remand.  We deny the petition.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.  On appeal to the BIA, Lopez claimed for the first time that he was "waved" into the United States at a port of entry, which would qualify as an "inspect[ion] and admi[ssion]" for the purposes of adjustment of status under 8 U.S.C. § 1255(a). *See Matter of Quilantan*, 25 I. & N. Dec. 285, 293 (B.I.A. 2010). No evidence in the record supports this assertion. "[U]nsupported assertions" by counsel are not evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188-89 n.6 (1984). Substantial evidence supports the BIA's denial of Lopez's motion to remand his case to immigration court for renewal of his application for adjustment of status.

2.  Lopez also argues that his receipt of benefits under the Family Unity Program (FUP), *see* Immigration Act of 1990, Pub. L. No. 101-649, § 301, 104 Stat. 4978, 5029-30, constitutes an "inspect[ion] and admi[ssion]" under 8 U.S.C. § 1255(a). He relies primarily on our court's decision in *Garcia-Quintero v. Gonzales* that FUP beneficiaries are "admitted in any status" for the purposes of cancellation of removal under 8 U.S.C. § 1229b. 455 F.3d 1006, 1015 (9th Cir. 2006). But our court's recent decision of *Medina-Nunez v. Lynch*, No. 14-70657, 2015 WL 3540940, at *1 (9th Cir. June 8, 2015), acknowledged that we must defer to the BIA's published opinion in *Matter of Reza-Murillo*, 25 I. & N. Dec. 296,

2

297 (B.I.A. 2010), which held that a grant of FUP benefits does not constitute an "admission" for cancellation purposes. Because FUP beneficiaries are not "admitted in any status" under *Reza-Murillo*, we are not convinced that they have been "inspected and admitted" for the purposes of adjustment of status under 8 U.S.C. § 1255(a).

**PETITION DENIED.**