**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JUAN CARLOS FUENTES,<br>*Petitioner*, | No. 13-74056 |
|  | Agency No.<br>A075-698-012 |
| v. |  |
| LORETTA E. LYNCH, Attorney<br>General,<br>*Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2016[*]
Pasadena, California

Filed September 14, 2016

Before: Barry G. Silverman, Raymond C. Fisher
and Paul J. Watford, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**SUMMARY**[**]

**Immigration**

The panel dismissed in part and denied in part Juan Carlos Fuentes' petition for review of the Board of Immigration Appeals' decision denying his cancellation of removal application for failure to establish that he resided continuously in the United States for seven years after having been "admitted in any status" pursuant to 8 U.S.C. § 1229b(a)(2).

The panel held that an applicant has not been "admitted in any status" for purposes of establishing the requisite residency by virtue of being listed as a derivative beneficiary on a parent's applications for asylum and relief under the Nicaraguan Adjustment and Central American Relief Act. The panel further held that an applicant's receipt of authorization to work in the United States under 8 C.F.R. § 274a.12(c) would also not establish admission.

The panel dismissed the petition in part, holding that it lacked jurisdiction over Fuentes' contention that he was "admitted in any status" based on the years of presence he established in connection with his own NACARA application, for failure to exhaust administrative remedies.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kiran Nair, Law Office of Kiran Nair, Orange, California, for Petitioner.

Walter Bocchini, Trial Attorney; Linda S. Wernery, Assistant Director; Stuart F. Delery, Assistant Attorney General; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

PER CURIAM:

Juan Carlos Fuentes petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the decision of the Immigration Judge (IJ) denying his application for cancellation of removal under 8 U.S.C. § 1229b(a). Applying *Medina-Nunez v. Lynch*, 788 F.3d 1103 (9th Cir. 2015), and *In re Reza-Murillo*, 25 I. & N. Dec. 296 (BIA 2010), we hold the BIA properly concluded Fuentes was not "admitted in any status" for purposes of cancellation of removal when he was listed as a derivative beneficiary on his mother's asylum and Nicaraguan Adjustment and Central American Relief Act (NACARA) applications and received work authorization in the United States. We dismiss in part and deny in part the petition for review.

To be eligible for cancellation of removal, Fuentes had to establish he "resided in the United States continuously for 7 years after having been *admitted in any status*." 8 U.S.C. § 1229b(a)(2) (emphasis added). Fuentes, who entered the United States without inspection in 1996, was admitted in

2004, when he was granted legal permanent resident (LPR) status. His continuous residence ended in 2009, when he committed a controlled substance offense, so he does not satisfy the seven years of continuous residency requirement.

Fuentes contends he *does* satisfy the requirement because he should be deemed to have been "admitted in any status" when his mother listed him as a derivative beneficiary on her asylum and NACARA applications and when, as an applicant, he received authorization to work in the United States. He relies principally on *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1009 (9th Cir. 2006), holding individuals accepted into the Family Unity Program (FUP) are "admitted in any status" for purposes of § 1229b(a)(2), and *Garcia v. Holder*, 659 F.3d 1261, 1263 (9th Cir. 2011), holding individuals paroled as Special Immigrant Juveniles under 8 U.S.C. § 1255(h) are "admitted in any status" for purposes of § 1229b(a)(2).

In *Medina-Nunez v. Lynch*, 788 F.3d 1103, 1105 (9th Cir. 2015), however, we afforded *Chevron* deference to *In re Reza-Murillo*, 25 I. & N. Dec. 296 (BIA 2010). In *Reza-Murillo*, the BIA held, contrary to *Garcia-Quintero*, that individuals accepted into the FUP are *not* considered "admitted in any status" for purposes of cancellation of removal. *See Reza-Murillo*, 25 I. & N. Dec. at 299. The BIA recognized there may be cases in which there are "compelling reasons," *id.*, to deem individuals "admitted in any status" notwithstanding their lack of admission under 8 U.S.C. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."), such as with persons granted LPR status, *see In re Rosas-Ramirez*, 22 I. & N. Dec. 616 (BIA

1999).  *See id.* at 299–300.  But the Board concluded such reasons did not exist in the case of FUP participants.  *See id.* In *Medina-Nunez*, 788 F.3d at 1105, we afforded *Chevron* deference to *Reza-Murillo*, abrogating *Garcia-Quintero*, and held acceptance into the FUP does not constitute admission for purposes of § 1229b(a)(2).

Individuals in Fuentes' position, who have been listed as derivative beneficiaries on a parent's asylum and NACARA applications and who have been afforded authorization to work in the United States, have no stronger claim to having been "admitted" into the United States than individuals accepted into the FUP.  FUP participants have not merely applied for, but have been accepted into, a special immigration status.  *See Garcia-Quintero*, 455 F.3d at 1009. They have protection against removal, freedom to travel outside the United States, work authorization under 8 C.F.R. § 274a.12(a)(14) and status recognition under a federal regulation, 8 C.F.R. § 236.16.  *See id.* at 1009–10, 1017–18. Because Fuentes enjoyed fewer benefits than FUP participants, his claim to admission is no greater than – and in fact is weaker than – persons accepted into the FUP.  Thus, under *Reza-Murillo* and *Medina-Nunez*, he was not "admitted in any status" before he obtained LPR status in 2004.  The BIA therefore properly dismissed Fuentes' appeal from the IJ's denial of his application for cancellation of removal.

Even under our pre-*Medina-Nunez* case law, which remains controlling precedent to the extent it is consistent with *Reza-Murillo*, Fuentes' contention that he was "admitted in any status" because he was listed as a derivative beneficiary on his mother's asylum and NACARA applications would be unpersuasive.  *See, e.g.*, *Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1103 (9th Cir. 2011)

(noting the submission of an application for adjustment of status "does not connote that the alien's immigration status has changed, as the very real possibility exists that the [government] will deny the alien's application altogether" (quoting *United States v. Elrawy*, 448 F.3d 309, 313 (5th Cir. 2006))); *Sudomir v. McMahon*, 767 F.2d 1456, 1462 (9th Cir. 1985) (with respect to asylum applicants who enter or remain in the United States illegally and then apply for asylum, "[t]heir presence is tolerated during the period necessary to process their applications" but "it has not been legitimated by any affirmative act").  Nor would his work authorization under 8 C.F.R. § 274a.12(c) establish his admission.  *See Guevara v. Holder*, 649 F.3d 1086, 1091–92 (9th Cir. 2011) (noting distinctions between work authorization under 8 C.F.R. § 274a.12(a) and (c) and holding an individual is not "admitted in any status" merely because he or she has been granted work authorization).

Finally, to the extent Fuentes contends he was "admitted in any status" based on the seven years of presence he established in connection with his own NACARA application, this argument is not before us because it was not presented to the BIA.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION DISMISSED IN PART AND DENIED IN PART.**