**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GUADALUPE MENDOZA DE RAMIREZ,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS, III, Attorney General,<br><br>　　　　　　Respondent. | No.　15-72274<br><br>Agency No. A096-350-900<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:　　GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Maria Guadalupe Mendoza de Ramirez, a native and citizen of Mexico,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's decision denying a continuance, denying

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal, and ordering her removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo due process claims and questions of law. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not err or abuse its discretion in denying Mendoza de Ramirez's request for a continuance for failure to show good cause, where she had been granted several continuances over more than three years and was unable to demonstrate the continuous residence required for cancellation of removal. *See* 8 U.S.C. § 1229b(a); 8 C.F.R. § 1003.29; *Medina-Nunez v. Lynch*, 788 F.3d 1103 (9th Cir. 2015) (acceptance into Family Unity Program did not constitute being "admitted" for purposes of cancellation of removal). Accordingly, to the extent Mendoza de Ramirez raises a due process claim, it fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

We lack jurisdiction to consider Mendoza de Ramirez's unexhausted contentions regarding mandatory withdrawal of counsel or alleged ineffective assistance of her prior counsel. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

15-72274

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**