NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO EDWIN PIRIR-CHITAY, | No.    13-74086 |
| Petitioner, | Agency No. A071-583-933 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| PABLO EDWIN PIRIR-CHITAY, | No.    14-71071 |
| Petitioner, | Agency No. A071-583-933 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 6, 2017[**]
Pasadena, California

Before:  M. SMITH, MURGUIA, and NGUYEN, Circuit Judges.

Pablo Edwin Pirir-Chitay, a native and citizen of Guatemala, seeks review of the Board of Immigration Appeals' ("BIA") final orders (1) dismissing his appeal from the Immigration Judge's ("IJ") decision finding him removable and denying his application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal; and (2) denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

1.      Pirir-Chitay's asylum claim fails because he conceded that he has not personally suffered past persecution in Guatemala and he has not demonstrated a credible fear of future persecution on account of membership in his asserted particular social group. Even assuming his asserted particular social group—someone who is perceived as coming from the United States with wealth and would be targeted by criminal gangs or elements for extortion and money—is a cognizable social group for purposes of asylum, the BIA did not err in denying asylum relief because Pirir-Chitay has not shown that his membership in this

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

particular social group is a basis for the feared persecution. *See, e.g., Parussimova v. Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009) (holding that substantial evidence supported the BIA's decision because "the record reveal[ed] no causal connection between [the petitioner's] characteristic and the . . . attack or the threats that followed").

2.      Similarly, because Pirir-Chitay failed to demonstrate a nexus between his membership in a protected social group and his feared persecution, his withholding-of-removal claim also fails. 8 U.S.C. § 1231(b)(3)(A); *see Duarte de Guinac v. I.N.S.*, 179 F.3d 1156, 1159 (9th Cir. 1999).

3.      Pirir-Chitay failed to address the BIA's denial of his application for CAT relief in his opening brief. Therefore, this claim is waived. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

4.      Pirir-Chitay must have, among other things, resided in the United States continuously for seven years after having been admitted in any status to qualify for cancellation of removal. 8 U.S.C. § 1229b(a)(2). Relying on an abrogated case, *Garcia-Quintero v. Gonzales*, 455 F.3d 1006 (9th Cir. 2006), Pirir-Chitay argues that his residency should be measured from the time he was admitted into the ABC program in 1991—not from the time he received lawful permanent resident status in 2002. *See Medina-Nunez v. Lynch*, 788 F.3d 1103, 1105 (9th Cir. 2015) (overruling *Garcia-Quintero*). Pirir-Chitay cites no other supporting

authority.

The BIA correctly concluded that Pirir-Chitay's status as an ABC class member and employment authorization did not support his claim that he was admitted in any status in 1991. *See Medina-Nunez*, 788 F.3d at 1104–05 (affording *Chevron* deference to *In re Reza-Murillo*, 25 I. & N. Dec. 296, 297 (BIA 2010)). Accordingly, the IJ and BIA did not err by concluding that Pirir-Chitay did not meet the seven-year residency requirement because his residency began in 2002 and ended in 2005 when the government initiated removal proceedings against him.

5. The BIA did not abuse its discretion in denying the motion to reopen. None of the evidence Pirir-Chitay submitted demonstrates that his relatives were targeted because of their common family name or membership; instead, their deaths appear to be the result of general gang violence and extortion. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) ("victims of indiscriminate violence" are not eligible for asylum "unless they are singled out on account of a protected ground"). Therefore, Pirir-Chitay has not established prima facie eligibility for asylum.

**Petition is DENIED.**