FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANTONIO TISCARENO-GUILLEN, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-70885 <br><br> Agency No. A071-631-048 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]
Pasadena, California

Before:  RAWLINSON and CHRISTEN, Circuit Judges, and BENNETT,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Antonio Tiscareno-Guillen, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen removal proceedings based on his claim of ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny Tiscareno-Guillen's petition.[1]

We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We review factual findings for substantial evidence. *Id.* at 791. To establish ineffective assistance of counsel, a petitioner must prove (1) that counsel's performance fell below an objectively reasonable standard and (2) that counsel's performance was prejudicial to the petitioner's case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Mohammed*, 400 F.3d at 793 (applying *Strickland* test in an immigration proceeding). Prejudice requires a showing that counsel's ineffective assistance may have affected the outcome of the proceedings. *Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir. 2003).

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

1. The BIA's conclusion that Tiscareno-Guillen failed to show that his counsel was ineffective is supported by substantial evidence. First, Tiscareno-Guillen did not testify that his family was targeted due to their alleged refusal to cooperate with the anonymous callers "as a matter of principle," he testified that his family decided not to pay the callers because his family discovered that his cousin had not in fact been kidnaped and that they called the second time to "ask[] for the same thing as the first incident." Counsel's tactical decision to argue a persecution theory that aligned with petitioner's testimony was not ineffective. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 802 (9th Cir. 2022). Moreover, Tiscareno-Guillen cannot show prejudice because he does not establish that the immigration judge's conclusion that Tiscareno-Guillen failed to show past or future persecution may have been affected if counsel had argued a different theory. Nor does he establish that his counsel's performance may have affected the immigration judge's determination that he failed to demonstrate it was "more likely than not" he would be tortured in Mexico. *See* 8 C.F.R. § 1208.16(c)(2).

2. The BIA did not abuse its discretion when it concluded that Tiscareno-Guillen did not meet his burden to show that he is eligible for special rule cancellation of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th

Cir. 2016) ("A motion to reopen will not be granted unless the respondent establishes a prima facie case of eligibility for the underlying relief sought."). Tiscareno-Guillen was convicted of assault with a deadly weapon pursuant to California Penal Code § 245(a)(1), which is a "crime involving moral turpitude" rendering him inadmissible. *See* 8 U.S.C. § 1229b(b)(2)(A)(iv); *Safaryan v. Barr*, 975 F.3d 976, 988 (9th Cir. 2020). And Tiscareno-Guillen is not eligible for the "petty offense exception" in 8 U.S.C. § 1182(a)(2)(A)(ii)(II) because the maximum penalty for a § 245(a)(1) conviction exceeds the exception's limit of one year.

3. Tiscareno-Guillen's remaining arguments are not properly before us because they were not presented to the BIA. *See Fuentes v. Lynch*, 837 F.3d 966, 968 (9th Cir. 2016) (per curiam).

**PETITION DENIED.**