NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALFONSO GARCIA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1602 <br><br> Agency No. <br> A096-000-224 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2024**
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER, District
      Judge.***

Luis Alfonso Garcia (Garcia), a native and citizen of Mexico, petitions for

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial by an Immigration Judge (IJ) of post-conclusion voluntary departure. We dismiss the petition for lack of jurisdiction.

"By virtue of 8 U.S.C. §§ 1252(a)(2)(B)(i) (2004) and 1229c(f), we lack jurisdiction to review denials of voluntary departure . . ." *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004) (citation and footnote reference omitted). "However, we retain jurisdiction to consider constitutional claims arising from discretionary relief." *Id*. (citation omitted). "We review claims of violations of the Constitution in immigration proceedings de novo." *Id*. (citation omitted). "When the BIA adopts the IJ's decision with a citation to *Matter of Burbano* and also adds its own comments, as it did here, we review the decisions of both the BIA and the IJ." *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022) (citation omitted).

1.     We lack jurisdiction to review the merits of the BIA's discretionary decision to deny post-conclusion voluntary departure. *See Tovar-Landin*, 361 F.3d at 1166. Garcia failed to raise a cognizable constitutional or legal claim over which we would have jurisdiction. *See id*. Contrary to Garcia's argument, the IJ did not violate Garcia's right against self-incrimination. The record does not reflect that the IJ *compelled* Garcia to admit that he committed the crimes for which he was arrested. *See United States v. Hulen*, 879 F.3d 1015, 1018 (9th Cir.

2018) ("The Fifth Amendment provides that no person shall be *compelled* in any criminal case to be a witness against himself. . . .") (internal quotation marks omitted) (emphasis added). Importantly, "[t]he Fifth Amendment privilege against self-incrimination applies in removal hearings where the alien's testimony could expose him to future criminal prosecution." *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1019 (9th Cir. 2006) (citation omitted), *overruled on other grounds by Medina-Nunez v. Lynch*, 788 F.3d 1103, 1104 (9th Cir. 2015) (per curiam). Garcia does not contend that he faces the risk of future prosecution. Thus, the IJ did not violate Garcia's right against self-incrimination. *See id.*; *see also Cabral-Avila v. Immigration and Naturalization Serv.*, 589 F.2d 957, 959 (9th Cir. 1978) (observing that the Fifth Amendment right against self-incrimination does not shield a petitioner from a decision that he was not entitled to relief).

2.     Garcia also challenges—within his "Statement of the Issues"—the IJ's decision that he lacked good moral character. According to Garcia, the IJ's conclusion was "a result of" the IJ's consideration of "erroneous information." However, Garcia has abandoned this claim by failing to support the argument in the body of his opening brief. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned. . . .") (citation omitted). In any event, the IJ is presumed to have reviewed all relevant information, and Garcia has not overcome that

presumption. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). In addition, Garcia relies on the same evidence that the IJ considered when determining that Garcia's negative equities outweighed his positive factors. To the extent that his argument invites us to reweigh the evidence, we lack jurisdiction to do so. *See Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022).

**PETITION DISMISSED.**